UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant

| | |
|---|---|
| Elbert Dawkins, on behalf of himself and all others similarly situated, | |
| Plaintiffs, | DOCKET NO. 22-cv-3617 (PKC) (TAM) |
| - vs. – | |
| Schott NYC Corp., | **NOTICE OF MOTION** |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 1

LEGAL ARGUMENT .................................................................................................................. 2

    I.     Plaintiff lacks standing to bring his claims because he has failed to plead an injury in fact ............................................................................................................... 2

    II.    The complaint should be dismissed for failing to state a claim upon which relief can be granted .................................................................................................. 8

    III.   Plaintiff's city law claims must be dismissed for the same reasons as his ADA claims must be. ............................................................................................ 10

    IV.   Plaintiff is not entitled to a recovery of "civil penalties and fines" or punitive damages under the NYCHRL ................................................................................. 10

    V.    Plaintiff's request for declaratory judgment should be dismissed as redundant ................................................................................................................. 12

CONCLUSION ........................................................................................................................... 13

TABLE OF AUTHORITIES

**Cases**                                                                                             **Pages**

*Amidax Trading Group. v. S.W.I.F.T. SCRL*, 671 F.3d 140 (2nd Cir. 2011) ........................................ 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 6, 8, 9

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2nd Cir.2007) ................................. 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .......... 8-9

*Bernstein v. City of New York*, 621 F. App'x 56 (2nd Cir. 2015) ................................................. 6

*Calcano v. Swarovski North America Limited*, 36 F.4th 68 (2nd Cir. 2022). ........................ 6-8, 9

*Camarillo v. Carrols Corp.*, 518 F.3d 153 (2nd Cir. 2008) ............................................................. 5

*Chauca v. Abraham*, 30 N.Y.3d 325, 89 N.E.3d 475 (2017) ........................................................ 11

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ............................................. 8-9

*Culwick v. Wood*, 384 F. Supp. 3d 328 (E.D.N.Y. 2019) ............................................................. 12

*Dominguez v. Athleta LLC*, 2021 WL 918314 (S.D.N.Y. Mar. 10, 2021) ..................................... 6

*Dominguez v. Grand Lux Cafe LLC*, 2020 WL 3440788 (S.D.N.Y. June 22, 2020). ................. 5-6

*Dominguez v. Pizza Hut of Am., LLC*, 2020 WL 3639977 (S.D.N.Y. July 6, 2020) ..................... 5

*Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*,
    528 U.5. 167 (2000) ................................................................................................................ 2

*Guglielmo v. Neb. Furniture Mart, Inc.*, 2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020) ............ 4-5

*Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154 (2nd Cir. 2013) ................................... 6

*Harty v. W. Point Realty, Inc.*, 28 F.4th 435 (2nd Cir. 2022) ...................................................... 5

*Home Ins. Co. v. American Home Prods. Corp.*,
    75 N.Y.2d 196, 551 N.Y.S.2d 481, 550 N.E.2d 930 (1990) ................................................. 11

*In re Orion Pictures Corp.*, 4 F.3d 1095 (2nd Cir. 1993) ....................................................... 12-13

*Jaquez v. Aqua Carpatica USA, Inc.*, 2021 WL 3727094 (S.D.N.Y. Aug. 20, 2021) ................... 4

*Kleeberg v. Eber*, 2020 WL 4586904 (S.D.N.Y. Aug. 10, 2020),
    *on reconsideration in part*, 2021 WL 1164205 (S.D.N.Y. Mar. 25, 2021) ......................... 12

*Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118 (2nd Cir. 2006) .................................... 10

*Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2nd Cir. 2013) ................................................. 5

*Lujan v. Defenders of Wildlife*, 50 U.S. 555 (1992). ........................................................................ 2

*Mendez v. Apple Inc.*, 2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019) ...................................................... 4

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220 (2nd Cir. 2016) ............................................................... 5

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2nd Cir. 2000) ...................................................10

*Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966 (S.D.N.Y. Sept. 3, 2019) ...........................10

*Small v. Gen. Nutrition Companies, Inc.,* 388 F. Supp. 2d 83 (E.D.N.Y. 2005) ............................... 5

*Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) .................................................2-3

*Suris v. Collive Corp.,* 2022 WL 542987 (E.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, 2022 WL 541765 (E.D.N.Y. Feb. 23, 2022) ..............................12

*Tavarez v. Moo Organic Chocolates, LLC*, 2022 WL 3701508 (S.D.N.Y. Aug. 26, 2022) .............. 8


**_Statues and Rules_**

28 U.S.C. § 1367(c) ................................................................................................................................10

Fed. R. Civ. P. 8 .................................................................................................................................. 1, 8

Fed. R. Civ. P. 12 ..................................................................................................................................... 1

NYC Admin Code. Title 8, Ch. 1, § 8-127 .........................................................................................10

**PRELIMINARY STATEMENT**

Plaintiff Elbert Dawkins asserts that the website of defendant Schott NYC Corp., www.schottnyc.com, is not equally accessible to blind and visually-impaired consumers in violation of the Americans with Disabilities Act ("ADA"), and seeks injunctive relief under that statute. But plaintiff's vague complaint does not satisfy the constitutional requirement to plead an injury in fact, resulting in a lack of standing for his case, requiring that this case be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Plaintiff — as he, and his lawyers, are wont to do — has filed a complaint that fails to identify facts about the website that gave him standing to assert ADA claims, and that offers only formulaic assertions about his interest in the website, notwithstanding the Second Circuit's admonition that these sorts of pleadings are insufficient. And because New York City Human Rights Laws claims are analyzed the same way as Americans with Disabilities Act claims, plaintiff's non-federal claims should be dismissed for the same reason.

Moreover, even if he satisfied the constitutional standard, he could not satisfy the pleading requirements of Fed. R. Civ. P. 8, meaning that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, plaintiff fails to establish his entitlement to several of the forms of relief he seeks, asking for remedies that are not even available under applicable laws under which this suit was brought.

**STATEMENT OF FACTS**

Defendant Schott NYC Corp. is a New Jersey corporation that operates a website that sells, *inter alia*, apparel. Plaintiff alleges that he is a resident of Brooklyn who is a visually impaired and legally blind individual with a qualifying disability under the Americans with

1

Disabilities Act. He alleges that he uses specialized screen reading software to enable him to access information on the Internet.

Plaintiff claims that on multiple unspecified occasions, he visited the website located at www.schottnyc.com "to make a purchase." However, when he did so, he allegedly encountered a handful of vaguely described virtual barriers that purportedly prevented him from being able to complete a purchase of some unspecified good or service, with no explanation of how those barriers affected him.

## LEGAL ARGUMENT

### I. Plaintiff lacks standing to bring his claims because he has failed to plead an injury in fact.

This Court should dismiss Mr. Dawkins's claims because he has not met his burden of showing that he has suffered the "injury in fact" required by Article III of the constitution. Here, Plaintiff bears the burden of establishing the elements of standing because he has invoked federal jurisdiction by bringing a claim under the ADA. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016)

In order to establish Article III standing, a plaintiff must sufficiently plead: "(l) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.5. 167 , 180-81 (2000). "A harm is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 50 U.S. 555, 560 n.l (1992). An injury is "concrete" if it is "de facto"; that is, it must actually exist rather than being only "abstract." *Spokeo*, 36 S.Ct. at 1548. In *Spokeo*, the plaintiff brought a claim alleging

2

a technical violation of the Fair Credit Reporting Act, but asserted no injury beyond that violation. The Supreme Court held that a party does not "automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. at 1549.

That fact pattern reappears in the instant case. Mr. Dawkins alleges that Schott NYC Corp.'s website is not fully accessible to visually impaired individuals, but does not describe any "concrete and particularized" injury that he has suffered. He neither identifies what the barriers he supposedly encountered were nor bothers to supply any explanation of how those things actually constituted barriers to his shopping experience. He states that he was "denied a shopping experience similar to that of a sighted individual" as the result of the "website's lack of a variety of features and accommodations, but he describes the purported "access barriers" only in the vaguest of terms. "Many features" on the site "lacks alt. text," but he fails to specify what features they were or where they were located. There were "many features" (again!) that 'fail to add a label element or title attribute for each field," but not a single such field is identified, nor is it explained how this prevented him from completing a purchase. Many pages "contain the same title elements," but which pages and what titles are never named. And there were "a host of broken links," but he does not identify even one. If all of this sounds generic and boilerplate, that is because it is. Mr. Dawkins — and Mr. Dawkins's counsel, on behalf of other plaintiffs — has made a habit of filing such minimalist lawsuits with similar or identical non-specific claims.[1] Moreover, even accepting

---

[1] See, e.g., *Dawkins v. Fat Brands Inc.,* 22-cv-1385 (word-for-word exact same list of "barriers"); *Dawkins v. OTG Experience, LLC.,* 22-cv-1835 (same); *Dawkins v. The Lobster Place, Inc., 22-cv-5910* (same). The list goes on; the Court can take judicial notice that PACER reflects that Mr. Dawkins has filed 48 essentially identical cases in this district, containing identical lists of "barriers" supposedly encountered, in roughly the past six months.

3

the vague nature of those allegations, he fails to explain how those barriers actually injured him. There was a visit by Mr. Dawkins to the website to "purchase a product," but what product he was interested in is unspecified. He does not identify *where* he encountered any of the above "barriers," or when, or how they prevented him from accessing the website or completing his purchase. A court is not required to "'credit a complaint's conclusory statements' when considering whether a plaintiff has alleged facts sufficient to support standing." *Amidax Trading Group. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145-6 (2nd Cir. 2011).

In almost identical fact patterns, courts have previously dismissed cases that suffered from the same flaws. In *Jaquez v. Aqua Carpatica USA, Inc.*, 2021 WL 3727094, at *4 (S.D.N.Y. Aug. 20, 2021), the court considered a complaint that contained an almost identical list of generic barriers as in the instant case; the holding for that case was that there was not sufficient clarity in the pleading to establish an injury in fact. And in another remarkably similar case, a court in the Southern District dismissed a web accessibility complaint for lack of failure to plead an injury in fact. In *Mendez v. Apple Inc.*, 2019 WL 2611168 at *1 (S.D.N.Y. Mar. 28, 2019), a plaintiff pleaded that she could not navigate Apple's website because of "1) "Lack of Alternative Text", 2) "Empty Links That Contain No Text", 3) "Redundant Links", and 4) "Linked Images Missing Alt-text." The *Mendez* court found this threadbare recitation of facts to be insufficient to establish an injury in fact under the ADA. "Those who live by the photocopier shall die by the photocopier. By failing specifically to assert any concrete injury, Plaintiff's claims fail as a matter of law." *Id.* at *4 And finding that the standard for standing under the NYCHRL is the same as under the ADA, the *Mendez* court found those to be inadequately pleaded as well. *Id. See also Guglielmo v. Neb. Furniture Mart, Inc.,* 2020 WL

4

7480619, at *4 (S.D.N.Y. Dec. 18, 2020) (no standing where plaintiff did not identify the goods he intended to purchase).

Mr. Dawkins fails to plead an injury-in-fact under the ADA in another way: lack of redressability. Because the only remedy under the ADA is injunctive relief, a plaintiff has standing only when he establishes, inter alia, that "it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff **intended to return** to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2nd Cir. 2013) (*citing Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2nd Cir. 2008) (*per curiam*)(emphasis added). That is because without the "real or immediate threat of injury," injunctive relief is not available. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2nd Cir. 2016).

The plaintiff must allege specific facts that "show a plausible intention or desire to return to the place but for the barriers to access." *Small v. Gen. Nutrition Companies, Inc.,* 388 F. Supp. 2d 83, 86 (E.D.N.Y. 2005). As noted above, the Second Circuit has laid out several factors to consider. In the context of a website, "proximity" is not a meaningful concept, but plaintiff cannot simply assert vague claims that "in the future" the plaintiff intends to use the website to complete a transaction. *Harty v. W. Point Realty, Inc.*, 28 F.4th 435 (2nd Cir. 2022)("'[S]ome day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury" that Article III requires."); *Dominguez v. Pizza Hut of Am., LLC*, 2020 WL 3639977, at *2 (S.D.N.Y. July 6, 2020)(assertion of intent to return when alleged barriers have been rectified is insufficient.) Rather, to establish this factor, "[t]he plaintiff must allege specific facts that 'show a plausible intention or desire to return to the place but for the

5

barriers to access.'" *Dominguez v. Grand Lux Cafe LLC*, 2020 WL 3440788, at *3 (S.D.N.Y. June 22, 2020). See, e.g., *Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2nd Cir. 2013) (pleading that one travels frequently does not show intent to return to a specific hotel); *Bernstein v. City of New York*, 621 F. App'x 56, 58–59 (2nd Cir. 2015)(alleging that one has visited Central Park many times in the past is not sufficient to show intent to return in the future); *Dominguez v. Athleta LLC*, 2021 WL 918314, at *3 (S.D.N.Y. Mar. 10, 2021)("indefinite" plan to return to store is conclusory; furthermore, fact of filing "at least 24 nearly identical complaints against other retailers… undermines the sincerity of Plaintiff's alleged intent to return").

Moreover, just a few months ago, the Second Circuit addressed the very question of the required pleading standards (albeit in the context of gift cards). It explained that merely parroting the Second Circuit's language from *Kreisler*—proximity, being a past customer, intent to return—is really "nothing more than 'legal conclusion[s] couched as … factual allegation[s].'" *Calcano v. Swarovski North America Limited*, 36 F.4th 68, 76 (2nd Cir. 2022). The Second Circuit *rejected* the idea that a court is required to accept vague assertions, and pointed out that to "nudge [plaintiffs'] claims 'across the line from conceivable to plausible,'" *Id.* at *5 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)) they needed to, e.g., provide details of past visits or the frequency of such visits (rather than just saying "on prior occasions"), explain what items they purchased in the past, why they want to purchase particular goods now, and why they would do so "immediately" when those goods became accessible. *Calcano*, 36 F.4th at 77. Plaintiff herein provides none of that sort of specificity, *or any other relevant facts*.

6

For example, he does not plead any specific intent to return, beyond vaguely asserting stating that he "intends to visit the Website in the near future if it is made accessible." He does not plead the dates of past visits to the site. He does not plead that he has ever bought any product sold by defendant online (or in person) before — let alone the frequency with which he has done so — which would make it more plausible that he would buy such products in this instance. He does not identify any product he intends to buy, or is even considering buying, that Schott NYC Corp. sells. Nor does plaintiff plead why he would want to buy such a product *from defendant* — indeed, he evinces no specific knowledge of any product defendant sells — and does not explain why he would wait to purchase such a product from defendant at some unspecified time in the future rather than doing so in the present from any other retailer. (Precisely *because* proximity is not a factor on the Internet, there would be little reason for an individual to buy a generic product like apparel only from one specific website, in contrast to an individual favoring a particular brick and mortar business because it was close to the individual's home or work.) (Defendant does not contend that each of these facts is required, or that other facts would not be relevant; this is merely an illustrative list.) The need for specificity is particularly acute in the case of a serial plaintiff who simply files dozens of nearly identical lawsuits, exploiting the ease of facilely claiming that one intends to visit a website someday.[2] In *Calcano*, the Second Circuit explained, "Third, we cannot ignore the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings. The four Plaintiffs before us filed eighty-one of over 200 essentially carbon-copy complaints between October and December 2019. All of the

---

[2] Every one of the 48 cases that Mr. Dawkins has filed contains the exact same non-specific, conclusory statement that he "intends to visit the Website in the near future if it is made accessible."

7

complaints use identical language to state the same conclusory allegations." *Calcano*, 36 F.4th at 77. In saying that, the Second Circuit did of course not rule that being a serial plaintiff automatically invalidates cases of this nature; it merely noted that "[t]his backdrop of Plaintiffs' Mad-Libs-style complaints further confirms the implausibility of their claims of injury." *Id*.

Applying *Calcano* and other precedents in a strikingly similar recent situation, Judge Caproni in the Southern District *sua sponte* raised the issue of standing and concluded that the plaintiff's bare bones pleadings "likely" did not establish Article III jurisdiction. *Tavarez v. Moo Organic Chocolates, LLC*, 2022 WL 3701508 at *4 (S.D.N.Y. Aug. 26, 2022)(failure to allege any facts about past visits or specifics of future intentions prevented court from plausibly concluding an intent to return). Nothing in the complaint proves that plaintiff would *not* return to defendant's website in the future. But the burden is on the plaintiff to affirmatively establish that it is plausible that he would. The mere conclusory statements offered by plaintiff do not push his complaint across the line from possible to plausible. They are just generic statements which parrot the legal standard without supplying any meaningful information, and should not entitle plaintiff to unlock the doors of discovery. *Iqbal*, 556 U.S. at 678.

**II.     The complaint should be dismissed for failing to state a claim upon which relief can be granted.**

Even if plaintiff's bare-bones allegations were sufficient to establish *standing*, the complaint should be dismissed for failing to adequately plead grounds for relief. Fed. R. Civ. P. 8(a)(2), requires "`a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to `give the Defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955,

8

1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (ellipsis in original). To survive a motion to dismiss under Rule 12(b)(6), a Plaintiff must provide the grounds upon which the claims rest, through factual allegations sufficient to raise a right to relief above the speculative level. *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2nd Cir.2007) (*citing Twombly*, 127 S.Ct. at 1965). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (2009). "The plausibility standard... asks for more than a sheer possibility that a Defendant has acted unlawfully." *Id*. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice to state a claim, as "Rule 8 . . . does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Id*.

And yet, as described above, all Mr. Dawkins's complaint offers is conclusions. He visited the Schott NYC Corp. on some occasions in the past "to make a purchase," and encountered issues with the website — which might or might not have been barriers — at unspecified locations: "dead links," "lack of alt text," missing "label elements or title attributes," etc. But not a single one of these barriers is actually identified, nor is any explanation provided for how these barriers affected his personally, or how they are likely to do so in the future. This is far less specific than the pleadings that the Second Circuit found insufficient in *Calcano*, 36 F.4th at 77.

To be sure, before *Calcano* some courts found that even such vague descriptions of website problems could be sufficient, in the context of a motion to dismiss, to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. While defendant would dispute that assessment even under ordinary circumstances, defendant

9

respectfully suggests that this Court should look at these sorts of vague allegations with an even more jaundiced eye in the context of a serial ADA plaintiff who almost the same word-for-word allegations about dozens of different defendants.

### III. Plaintiff's city law claims must be dismissed for the same reasons as his ADA claims must be.

In general, disability discrimination claims under the parallel city disability discrimination laws are evaluated under the same standards as the ADA. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 n.1 (2nd Cir. 2000); *Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966, at *6 (S.D.N.Y. Sept. 3, 2019)(failure to state a claim under the ADA means that NYSHRL and NYSCRL claims also fail.) Alternatively, having dismissed plaintiff's only federal claim in this case, this Court should decline to exercise supplemental jurisdiction over plaintiff's city law claims and dismiss them pursuant to 28 U.S.C. § 1367(c). *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2nd Cir. 2006) (in the usual case in which all federal-law claims are eliminated before trial, courts should decline jurisdiction over the non-federal claims).

### IV. Plaintiff is not entitled to a recovery of "civil penalties and fines" or punitive damages under the NYCHRL.

Even if Title III of the Americans with Disabilities Act covered defendant's intangible business, plaintiff would not be entitled to most of the relief he seeks. Plaintiff states that he seeks to recover "civil penalties and fines" pursuant to the NYCHRL. But he is not entitled to such. Civil penalties and fines under the NYCHRL are payable to the city, not to a private plaintiff. NYC Admin Code. Title 8, Ch. 1, § 8-127(a)..("Any civil penalties recovered pursuant to this chapter shall be paid into the general fund of the city.")

10

Plaintiff further seeks punitive damages, but the standard for obtaining that relief is high and cannot be met here. The New York Court of Appeals explained that punitive damages require conduct that "goes beyond mere negligence"; they are available only for those who have "engaged in discrimination with willful or wanton negligence, or recklessness, or a 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.'" *Chauca v. Abraham*, 30 N.Y.3d 325, 334, 89 N.E.3d 475, 481 (2017) (*quoting Home Ins. Co. v. American Home Prods. Corp.*, 75 N.Y.2d 196, 203–204, 551 N.Y.S.2d 481, 550 N.E.2d 930 (1990))(rejecting the notion that a mere showing of discrimination made punitive damages automatically available).

Here, Mr. Dawkins has not pleaded any specific facts to support any such heightened standard. Indeed, other than a conclusory use of the word "willful," he does not allege anything to suggest that Schott NYC Corp.' purported website violations had a "high degree of moral culpability which manifests a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." *Id*. at 479. He does not, for instance, plead that defendant refused to remedy violations after those violations were brought to defendant's attention; he merely pleads that the violations occurred. (To be sure, plaintiff does *use* the word "refusal" in his complaint. But he pleads no *facts* to support that conclusory allegation.) Notably, in keeping with this law firm's scheme in bringing hundreds of these cookie cutter claims, Mr. Dawkins does not claim to, and did not, contact Schott NYC Corp. in any manner with any concern prior to these lawyers filing suit. But while those violations could be enough (if proved) to support liability for a violation of the applicable law, *Chauca* expressly rejected the notion that punitive damages are available "whenever liability, vicarious or direct, is demonstrated." *Id*. at 480. And if that is insufficient to support an award of punitive

11

damages, than conclusorily alleging it is insufficient to satisfy the pleading burden, and the request for punitive damages must be dismissed. *See Suris v. Collive Corp.,* 2022 WL 542987, at *6 (E.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, 2022 WL 541765 (E.D.N.Y. Feb. 23, 2022) (denying request for punitive damages because generic pleading of failure to make site accessible does not establish willful or wanton negligence or recklessness).

## V. Plaintiff's request for declaratory judgment should be dismissed as redundant.

In Count III of his complaint, plaintiff asserted a claim for declaratory judgment that defendant violated the ADA (42 U.S.C. §§ 12182, et seq.), and the NYCHRL (N.Y.C. Admin. Code § 8-107, et seq.) by failing to maintain an accessible website. But Count I of the complaint alleged that defendant violated the ADA by failing to maintain an accessible website, Count II of the complaint alleged that defendant violated the NYCHRL by failing to maintain an accessible website. In short, Count III raises exactly the same claims as Counts I andIII, making it entirely redundant.

Such redundancy matters because "'[a] declaratory judgment action cannot be maintained [when] it parallels the other claims and merely seeks a declaration of the same rights and obligations.'" *Kleeberg v. Eber*, 2020 WL 4586904, at *16 (S.D.N.Y. Aug. 10, 2020), *on reconsideration in part*, 2021 WL 1164205 (S.D.N.Y. Mar. 25, 2021)(*quoting Culwick v. Wood*, 384 F. Supp. 3d 328, 343 (E.D.N.Y. 2019) (internal quotation marks omitted)(collecting cases). The remedy to such redundant pleading is clear: "Where a district court has before it a declaratory judgment action and a direct action containing all of the issues in the declaratory judgment action, and decides the common issues in the direct action, it may exercise its discretion to dismiss the declaratory judgment complaint." *In re*

*Orion Pictures Corp.*, 4 F.3d 1095, 1100 (2nd Cir. 1993)  Plaintiff can obtain no relief from Count III that he would not already obtain from Counts I and II. Accordingly, the Court should dismiss plaintiff's declaratory judgment claim.

## **CONCLUSION**

The Second Circuit has expressly held that plaintiffs have to plead specific facts, rather than just boilerplate cut-and-paste complaints, in order to have Article III standing to assert claims under Title III of the Americans with Disabilities Act. Mr. Dawkins did not do so, and so his case should be dismissed.

Respectfully submitted,

By: _____
David Stein

Dated: October 25, 2022

13