UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ELBERT DAWKINS, on behalf of himself and
others similarly situated,

                        Plaintiffs,           **MEMORANDUM & ORDER**
                                        22-CV-3617 (PKC) (TAM)

     - against -

Schott NYC Corp.,

                        Defendant.
--------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

       Plaintiff Elbert Dawkins ("Plaintiff") brings this putative class action—one of 70 lawsuits he has filed in this court[1]—alleging that Defendant Schott NYC Corp. ("Defendant") violated: (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq.* (Count 1); and (2) the New York City Human Right Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* (Count 2). (Compl., Dkt. 1 (hereinafter "Dkt. 1").)  Plaintiff additionally seeks "declaratory relief" under both the ADA and the NYCHRL.[2]  (Dkt. 1, ¶¶ 70–72.)  Before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).

       For the following reasons, the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

---

[1] Of these 70 cases, all but five—including this one—have settled or been dismissed voluntarily or by stipulation.

[2] The Court notes that declaratory relief is not an independent cause of action.  *See Daytree at Cortland Square, Inc. v. Walsh*, 332 F. Supp. 3d 610, 627 (E.D.N.Y. 2018) ("It is well settled that a request for declaratory and/or injunctive relief is not an independent cause of action.").

## BACKGROUND

### I.     Plaintiff's Complaint

Plaintiff is a visually impaired and legally blind person who requires screen-reading software when accessing website content on his computer.  (Dkt. 1, ¶ 2.)  Specifically, Plaintiff uses technology called NonVisual Desktop Access ("NVDA") to access the internet.  (*Id.* ¶¶ 17, 23.)  In his Complaint, he alleges that Defendant—a boutique that sells high-end jackets—failed to "design, construct, maintain, and operate its website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people."  (*Id.* ¶ 4.)

The Complaint alleges that on "multiple occasions," Plaintiff "visited Defendant's website [] to make a purchase[,]" but was "denied a shopping experience similar to that of a sighted individual due to the website's lack of a variety of features and accommodations[.]"  (*Id.* ¶ 24.) As a result, Plaintiff was "denied . . . the ability to use and enjoy Defendant's website the same way sighted individuals do."  (*Id.* ¶ 29.)  As for Plaintiff's plans to return to this website, the Complaint alleges, "Plaintiff intends to visit the Website in the near future if it is made accessible." (*Id.* ¶ 30.)

### II.    Procedural History

Plaintiff filed his complaint on June 19, 2022, the 34th complaint filed in this court seeking similar relief against various defendants who operate websites.  (Dkt. 1.)  On September 6, 2022, Defendant submitted a request for a pre-motion conference ("PMC") to discuss its anticipated motion to dismiss, and the Court ordered Plaintiff to respond.  (Dkt. 8; 9/7/2022 Docket Order.) Plaintiff filed a response letter on September 13, 2022.  (Dkt. 10.)  The next day, the Court denied Defendant's PMC request as unnecessary and set a briefing schedule for Defendant's motion to dismiss.  (*See* 9/14/2022 Docket Order.)  Defendant filed its moving papers on October 25, 2022. (Def's. Mot., Dkt. 12 (hereinafter, "Dkt. 12").)  Plaintiff filed his opposition on December 15,

2022 after the Court granted him a one-month extension, on consent.   (Pl's. Opp'n, Dkt. 15 (hereinafter "Dkt. 15"); 10/31/2022 Docket Order.)  In his opposition papers, Plaintiff attached an affidavit as an exhibit, which provided additional information regarding his case.  (Pl's. Aff., Dkt. 15-1 (hereinafter "Dkt. 15-1").)  In his affidavit, Plaintiff supplemented the record by stating that he wished to purchase Defendant's "classic perfecto leather jacket because of the iconic look" and that he had visited Defendant's website on April 2, 2022 and April 14, 2022 to review this jacket. (Dkt. 15-1, ¶¶ 6–8.)  Plaintiff further alleges that he became interested in Defendant's products after reading an article published by Vice titled, "The First Wild One."  (*Id.* ¶ 5.)   Defendant then twice missed its deadline to file a reply brief (*see* 12/27/2022 Docket Order; 1/05/2023 Docket Order), and instead submitted a letter on January 6, 2023 stating that Defendant had waived its opportunity to reply.  (Dkt. 17.)

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Hogan*, 738 F.3d at 514.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718 (2d Cir. 2013). Determining whether a complaint states a plausible claim for relief is "a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

In considering a motion to dismiss for failure to state a claim, courts "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp.*, 712 F.3d at 717 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (internal quotation marks and citations omitted)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Pension Benefit Guar. Corp.*, 712 F.3d at 717 (quoting *Iqbal*, 556 U.S. at 679). Finally, the Court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Defendant moves to dismiss under Rules 12(b)(1) and 12(b)(6). With respect to Rule 12(b)(1), Defendant argues that Plaintiff lacks standing because he has failed to plead injury in fact. (Dkt. 12, at 2–8.) Because "[s]tanding is 'the threshold question in every federal case,' and implicates the Court's subject matter jurisdiction[,]" *Cohan v. Movtady*, 751 F. Supp. 2d 436, 439 (E.D.N.Y. 2010) (quoting *Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008)), the Court addresses the standing question first.[3]

---

[3] As part of its standing analysis, the Court considers Plaintiff's affidavit, which is attached to his opposition papers. *See Holland v. JPMorgan Chase Bank, N.A.*, 19-CV-00233 (PAE), 2019

I.      **Article III Standing in ADA Actions**

"Under Article III of the Constitution, the jurisdiction of federal courts is limited to the resolution of 'cases' and 'controversies.'" *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (quoting U.S. Const. art. III, § 2).  To establish standing, Plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of [the defendant], and (3) that is likely to be redressed by a favorable judicial decision." *Fontanez v. Valley Lahvosh Baing Co., Inc.*, No. 1:22-CV-5537 (MKV), 2023 WL 5390212, at \*2 (S.D.N.Y. Aug. 22, 2023) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).  "An injury in fact must be 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (citing *Spokeo*, 578 U.S.at 339).  "Moreover, a plaintiff seeking injunctive relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm." *Harty v. Simon Prop. Grp., L.P.*, 428 F. App'x 69, 71 (2d Cir. 2011).

"Injunctive relief is the only remedy available to private litigants under Title III of the ADA."  *Bowen v. Rubin*, 385 F. Supp. 2d 168, 181 (E.D.N.Y. 2005) (citing 42 U.S.C. § 12188(a)(1)).  Plaintiff brings this action under Title III of the ADA.  The Second Circuit has set forth clear requirements for what a Plaintiff must allege in the ADA context to demonstrate injury in fact and the factual specificity necessary in making these allegations.   "[A] plaintiff seeking injunctive relief has suffered an injury in fact when: '(1) the plaintiff alleged past injury under the

---

WL 4054834, at \*1 n.1 (S.D.N.Y. Aug. 28, 2019) ("[F]or the purpose of resolving defendants' motion to dismiss for lack of standing, the Court considered [declarations], the exhibits attached to [Plaintiff's] opposition brief and declaration[.]") (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *see also Williams v. PMA Cos., Inc.*, 419 F. Supp. 3d 471, 481–82 (N.D.N.Y. 2019) (explaining that the court may consider plaintiff's affidavits in connection with defendant's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(1), but not for failure to state a claim under 12(b)(6), because most "matters outside the four corners of the complaint" cannot be considered "without triggering the standard governing a motion for summary judgment").

ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location.'" *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013)). When it comes to accommodations in the prevalent "virtual world," "the third requirement can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Zinnamon v. Satya Jewelry II, LLC*, No. 23-CV-781 (VEC), 2023 WL 3511123, at *2 (S.D.N.Y. Apr. 28, 2023).

## II. Plaintiff Lacks Standing to Bring This Matter

The Court finds that Plaintiff's Complaint—even considered together with the supplemental information provided in his affidavit—does not contain allegations sufficient to confer standing to bring this matter under the ADA.

The Complaint alleges that Plaintiff visited Defendant's website on "multiple occasions," that he was "denied a shopping experience similar to that of a sighted individual" because of the website's lack of features to accommodate those with visual impairments, and that "Plaintiff intends to visit the Website in the near future if it is made accessible." (Dkt. 1, ¶¶ 24, 30.) Nowhere in the Complaint does Plaintiff allege why he wanted to access Defendant's website, for example, what he sought to purchase from Defendant or via the website. The Complaint does not even describe Defendant's business or the items available for sale on its website. Through his affidavit, submitted as part of his motion opposition, Plaintiff supplements the record with: (1) the dates on which he visited Defendant's website—April 2, 2022 and April 14, 2022; (2) how he came to learn of the website—an article published in Vice; and (3) why he wanted to visit Defendant's website

in the first place—to purchase a "classic perfecto" leather jacket sold by Defendant because of its "iconic look."  (Dkt. 15-1, ¶¶ 5–9.)

Plaintiff's pleadings, however, still fail to allege several important factors that would "nudge" his Complaint "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570. For example, he has not "allege[d] the genesis of his sudden need or want" for Defendant's jacket, or that Defendant is "the only retailer that sells the particular" jacket he wants, or that he has "searched for comparable [. . .] jackets but has been unable to find them at a comparable price point."  *Loadholt v. Dungarees, Inc.*, 22-CV-4699 (VEC), No. 2023 WL 2024792, at *3 (S.D.N.Y. Feb. 15, 2023).[4]  He has also not "offer[ed] [some] factual context for his intent to return to the website" and simply states that conclusion as fact.  *Suris v. Crutchfield New Media, LLC*, No. 22-CV-6961 (NRM) (RML), 2023 WL 3792512, at *3 (E.D.N.Y. June 2, 2023) (dismissing plaintiff's complaint for lack of standing under Rule 12(b)(1)).  Even as supplemented, Plaintiff's claims remain "vague assertions" and "bare allegation[s]" akin to those rejected by the Second Circuit in *Calcano*.  *Calcano*, 36 F.4th at 76–77 (dismissing complaints brought under the ADA where plaintiffs did not adequately allege injury or intent to return to certain businesses, and instead evidenced "cut-and-paste [] pleadings").

Courts in this circuit have dismissed similar ADA claims regarding website access where a plaintiff's allegations lacked the requisite specificity.  *See, e.g.*, *Suris*, 2023 WL 3792512, at *3–

---

[4] In his opposition brief, Plaintiff argues that Defendant's website is "all too happy to flaunt the unique nature" of its products and brand, which have an "iconic history" and form a "clear link of rebelliousness steeped in American culture."  (Dkt. 15, at 16.)  Plaintiff points to the "perfecto jacket" being featured in the Marlon Brando movie, "The Wild Ones," as evidence of why "it is not hard to imagine why Plaintiff would be as interested as he is" in Defendant's jacket.  (*Id.*) However, none of this information is included in Plaintiff's Complaint or affidavit.  Furthermore, these statements are not factual allegations about Plaintiff's own experiences or intent, but are allegations about the theoretical desirability of Defendant's products by the public in general.  A plaintiff cannot manufacture standing through such generalized, non-concrete allegations.

4 (finding that plaintiff lacked standing where he failed to specify when he planned to return to the defendant's website); *Loadholt*, 2023 WL 2024792, at *2–3 (finding that plaintiff failed to establish standing where he alleged that he visited defendant's website two times in the past to "potentially" purchase "some belts and a jacket" from the defendant's website and that he would "still like to return" to the website to "potentially purchase" certain items); *Tavarez-Vargas v. Annie's Publ'g, LLC*, 21-CV-9862 (AT), 2023 WL 2499966, at *2 (S.D.N.Y. Mar. 14, 2023) (finding no standing where plaintiff alleged that she visited an online retailer twice to purchase a "hook and needle kit" and that she "unequivocally intends to return to the website . . . as soon as the accessibility barriers are cured"); *Fontanez*, 2023 WL 5390212, at *2 (finding no standing where plaintiff failed to allege "why he was so interested in acquiring" defendant's product or "whether he searched for comparable" products). As the Honorable Brian M. Cogan opined in *Winegard v. Golftec Intellectual Prop. LLC*, -- F. Supp. 3d --, 2023 WL 3672540, at *3 (E.D.N.Y. May 26, 2023), "[t]o find standing on the paltry allegations here would allow any sensory-impaired person to sit down at their computer, visit 50 websites . . . and bring 50 lawsuits. Standing requires more."[5]

## LEAVE TO AMEND

When a complaint is dismissed for lack of standing, courts generally give the plaintiff leave to file an amended complaint. *See Dominguez v. Grand Lux Cafe LLC*, No. 19-CV-10345 (MKV),

---

[5] In one recent case, a complaint alleging ADA violations stemming from the plaintiff's inability to access a website that sold certain body oils was sustained on the grounds that the plaintiff alleged she had "a hobby of collecting body lotions and oils from various brands and enjoys purchasing different branded lotions to add to her collection," and that the defendant's website offered "the Morroccanoil Dry Body Oil, which is a high quality body lotion that [the plaintiff] wants to add to her collection." *Maddy v. Life Time, Inc.*, No. 22-CV-5007 (LJL), 2023 WL 4364488, at *1 (S.D.N.Y. July 5, 2023). By contrast, Plaintiff has not alleged the context for his ADA claim with this level of detail or concreteness, either in his Complaint or affidavit.

2020 WL 3440788, at *4 (S.D.N.Y. June 22, 2020).  This is because courts are instructed to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P 15(a)(2).  Therefore, because Plaintiff has not yet had the opportunity to amend his Complaint, he is granted leave to replead within thirty (30) days of this Memorandum & Order.

## CONCLUSION

For the foregoing reasons, the motion to dismiss the Complaint under Rule 12(b)(1) is granted.  Within thirty (30) days, Plaintiff may file an amended complaint to cure the deficiencies identified in this opinion.  If Plaintiff does not amend his pleadings, the Court will enter a final judgment of dismissal and direct the Clerk of Court to close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 26, 2023
       Brooklyn, New York

9